UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gail Fox and Ralph Wass

   v.　　　　　　　　　　　　　　　Civil No. 17-cv-193-JD
　　　　　　　　　　　　　　　　　　Opinion No. 2017 DNH 147
Ocwen Loan Servicing, LLC
and HSBC Bank USA, N.A., as Trustee
for SG Mortgage Securities Trust 2006-OPT2,
Asset Backed Certificates, Series 2006-OPT2


O R D E R

Gail Fox and Ralph Wass brought suit in state court to enjoin the foreclosure sale of their home in Goffstown, New Hampshire. Ocwen Loan Servicing, LLC and HSBC Bank USA, N.A., as trustee, removed the case and have moved to dismiss. The plaintiffs object.

Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must determine whether the plaintiff has alleged sufficient facts to support a plausible claim for relief. In re Curran, 855 F.3d 19, 25 (1st Cir. 2017). The court accepts the properly pleaded facts as true and takes inferences from the facts in the light most favorable to the non-moving party. O'Shea v. UPS Retirement Plan, 837 F.3d 67, 77 (1st Cir. 2016). Conclusory allegations and mere statements of the elements of a cause of action are not

sufficient to avoid dismissal. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Ordinarily, a motion to dismiss under Rule 12(b)(6) is decided based on the allegations in the complaint, along with documents appended to the complaint. See Fed. R. Civ. P. 12(d); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). An exception to that rule allows the court to consider documents that are referenced in the complaint and documents that are central to the plaintiffs' claims. Claudio-De Leon v. Sistema Univ. Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014). The court may also consider official public documents and matters that are subject to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

## Background

Fox and Wass bought the Goffstown property by warranty deed on June 27, 2006. They granted a mortgage on the Goffstown property to Option One Mortgage Corporation in the amount of $236,000, and the mortgage was recorded on July 24, 2006.[1]

They allege that Option One sold its mortgage servicing business, along with all of its mortgages, to American Home Mortgage Servicing Inc. on April 30, 2008. Option One then

---

[1] Although Fox and Wass alleged in the complaint that they did not sign a mortgage to Option One, and instead signed a mortgage to Sovereign Bank, they have now retracted those allegations.

2

changed its name to Sand Canyon Corporation in October of 2008 and did not hold any mortgages by 2009. Sand Canyon purported to assign the plaintiffs' mortgage to HSBC in April of 2010, and the assignment was recorded on April 28, 2010.

Fox and Wass allege that the assignment of their mortgage from Sand Canyon to HSBC in 2010 failed because the mortgage had been sold to American Home Mortgage Servicing in April of 2008. As a result of the sale, Sand Canyon did not own their mortgage at the time of the purported assignment to HSBC in 2010.

In May of 2010, Fox and Wass filed for bankruptcy protection under Chapter 13. In re Gail M. Fox and Ralph K. Wass, Case No. 10-12175-JMD (Bankr. D.N.H. May 16, 2010). In their bankruptcy schedules dated May 10, 2010, Fox and Wass listed American Home Mortgage Servicing, Inc. as the holder of a claim on the Goffstown property in the amount of $275,141.68. HSBC filed a proof of claim on the property as a secured creditor in June of 2010, with the amount of arrearage listed as $18,760.32 and the amount of the secured claim listed as $279,133.60. American Home Mortgage Servicing was listed as the entity to receive notices and payment.

Under the terms of their plan, Fox and Wass were to pay $733.00 each month for forty-five months, which would total $32,985.00, to cover debts owed, including arrearages owed to "HSBC/American Home Mortgage Servicing." Their regularly

3

scheduled ongoing payments to "HSBC Bank/American Home Mortgage Servicing" were to be paid outside of the plan. Their plan was confirmed on August 2, 2010.

Fox and Wass did not make the regular mortgage payments after filing their bankruptcy petition, causing a post-petition arrearage to accrue. In response to HSBC's motion to lift the stay to allow HSBC to pursue its remedies under the mortgage, Fox and Wass entered a stipulation with HSBC to pay the post-petition arrearage. The plan was amended accordingly. On December 4, 2012, the bankruptcy trustee reported that Fox and Wass had met the requirements for discharge, and they were granted discharges the next day. The case was closed on January 2, 2013.

Wass filed a second bankruptcy petition under Chapter 13 on June 14, 2013. HSBC filed a notice of appearance in the case on June 24, 2013. In his plan, Wass stated that the Goffstown property had a mortgage that was not current with the mortgagee listed as HSBC. The plan was confirmed on August 8, 2013, and listed HSCB as a secured creditor with a mortgage on the Goffstown property. The plan was modified on September 23, 2015, and still showed that the HSBC mortgage was not current. The trustee moved to dismiss the case because Wass had not made the payments required under the plan. The case was dismissed on July 8, 2016.

In April of 2017, Fox and Wass filed suit against Ocwen and HSBC in state court to enjoin the foreclosure sale of the property and seeking the costs of the suit under RSA 361-C:2. Fox and Wass asked to postpone the foreclosure until the defendants provided the "'wet signature' mortgage documents" to prove that the mortgage being foreclosed is the mortgage that Fox and Wass signed. They also alleged that "the temporary injunction will provide time to resolve the issue of whether the respondents can prove they can lawfully foreclose under the mortgage by a means other than an assignment from Sand Canyon."

## Discussion

The defendants, Ocwen and HSBC, move to dismiss the claims on the ground that the plaintiffs, Fox and Wass, are judicially estopped from challenging the validity of the assignment of the mortgage held by HSBC by their representations during the bankruptcy proceedings. The plaintiffs argue that judicial estoppel does not apply in this case. The defendants filed a reply, and the plaintiffs filed a surreply.[2]

---

[2] The plaintiffs moved for leave to exceed the page limit for their surreply. Under Local Rule 7.1(e)(3), a surreply memorandum is limited to five pages. The plaintiffs' surreply memorandum is five pages. The plaintiffs, who are represented by counsel, apparently misunderstood the rule to apply to exhibits they intended to append to the surreply. Because the memorandum does not exceed the pages allowed, leave is not required.

5

"Judicial estoppel is an equitable doctrine that prevents a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding."[3] RFF Family P'ship, LP v. Ross, 814 F.3d 520, 527 (1st Cir. 2016). Three conditions must be satisfied to impose judicial estoppel: (1) the earlier and later litigation positions of the party to be estopped must be clearly inconsistent; (2) that party must have persuaded the court to adopt and rely on the earlier position; and (3) that party must stand to gain an unfair advantage if the new position is adopted by the court.[4] Id. at 528. "Courts typically invoke judicial estoppel when a litigant tries to play fast and loose with the courts."[5] Id. at 527-28.

---

[3] In diversity jurisdiction cases, the court applies the substantive law of the forum state and federal procedural rules. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Hanna v. Plumer, 380 U.S. 460, 473 (1965). "Because judicial estoppel appears neither clearly procedural nor clearly substantive, there is a potential choice of law question of whether federal or state law should govern in this diversity action." RFF Family P'ship, LP v. Ross, 814 F.3d 520, 528 n.5 (1st Cir. 2016). Here, the parties do not dispute that federal law governs the issue.

[4] Previously, the First Circuit did not necessarily require a showing that the party to be estopped was attempting to achieve an unfair advantage. Guay v. Burack, 677 F.3d 10, 16-17 (1st Cir. 2012).

[5] A party may be judicially estopped from taking a position in litigation in the district court that is inconsistent with his

The defendants challenge the plaintiffs' assertions in this case that HSBC does not hold their mortgage on the Goffstown property because the assignment of the mortgage from Sand Canyon to HSBC was invalid. In support of the application of judicial estoppel, the defendants contend that the plaintiffs did not challenge the validity of the HSBC mortgage in the bankruptcy proceedings and made contrary representations to the bankruptcy court. Based on that position, the defendants argue, the plaintiffs were granted a bankruptcy discharge.

The plaintiffs assert that they did not take a position during the bankruptcy proceedings that is inconsistent with their challenge to HSBC's mortgage here. Instead, they contend, they admitted that the defendants purported to hold a valid mortgage on their property during the bankruptcy proceedings because they did not know of the allegedly faulty assignment. Since that time, they assert, they have learned facts that show the assignment is void. Based on that new information, they are challenging the defendants' authority to foreclose under the mortgage.

---

position in a prior bankruptcy proceeding. See, e.g., Town of Lexington v. Pharmacia Corp., 2015 WL 1321457, at *5 (D. Mass. Mar. 24, 2015); Flores-Febus v. MVM, Inc., 45 F. Supp. 3d 175, 179 (D.P.R. 2014); Murray v. Kindre Nursing Ctrs. West LLC, 2014 WL 4411044, at *5-*6 (D. Me. Sept. 8, 2014).

7

It is unclear whether the plaintiffs necessarily took an inconsistent position in the bankruptcy proceedings. Merely acknowledging a mortgage on the property may not be inconsistent with a later challenge to whether the proper party is attempting to foreclose. See Mendaros v. JPMorgan Chase Bank, N.A., 2017 WL 2352143, at *4 (N.D. Cal. May 31, 2017). In the specific context of bankruptcy proceedings, however, the First Circuit has held that "a failure to identify a claim as an asset in a bankruptcy proceeding is a prior inconsistent position that may serve as the basis for application of judicial estoppel." Guay, 677 F.3d at 16.

The plaintiffs assert that they did not raise a challenge to the assignment of the mortgage during the bankruptcy proceedings because they did not know about the allegedly faulty assignment at that time. They further assert that if they had known at the time of the bankruptcy proceedings that the assignment to HSBC was invalid, they would have challenged the mortgage there. In other words, they would have raised a legal claim in the bankruptcy proceedings against their obligations under the mortgage if they had been aware of the grounds for doing so.

The First Circuit has noted that "[s]ome circuits have held that parties who fail to identify a legal claim in bankruptcy schedules may escape the application of judicial estoppel if

8

they can show that they either lacked knowledge of the undisclosed claims or had no motive for their concealment" but did not resolve the issue in that case. Guay, 677 F.3d at 20 (internal quotation marks omitted).  In fact, most courts that have considered the issue have recognized an exception to the application of judicial estoppel, based on a prior bankruptcy proceeding, when the debtor failed to disclose a claim because of a lack of knowledge or an inadvertent mistake. Hermann v. Hartford Casualty Ins. Co., 675 F. App'x 856, 862 (10th Cir. 2017); Marshall v. Honeywall Tech. Sys. Inc., 828 F.3d 923, 932 (D.C. Cir. 2016) (citing and discussing cases); see also, e.g., Wilson v. PrimeSource Health Care of Ohio, Inc., 2017 WL 2869341, at *4 (N.D. Ohio July 5, 2017) (citing Sixth Circuit precedent); Elhindi v. Cal. Dep't of Corrs. & Rehab., 2017 WL 2633400, at *2 (E.D. Cal. June 19, 2017) (citing Ninth Circuit precedent); Edwards v. Clinical Research Consultants, Inc., 2017 WL 2265834, at *6 (N.D. Ala. May 24, 2017) (citing Eleventh Circuit precedent); Davis v. District of Columbia, --- F. Supp. 3d ---, 2017 WL 1208388, at *11-*12 (D.D.C. Mar. 31, 2017) (recognizing exception but concluding it did not bar judicial estoppel in that case); Khair-Dorsey v. WellSpan Health, 2017 WL 770590, at *5 (M.D. Pa. Feb. 28, 2017) (discussing presumption of bad faith under Third Circuit precedent when party to be estopped had knowledge and a motive to conceal claim); Lapointe

v. Target Corp., 2017 WL 1397311, at \*5-\*7 (N.D.N.Y. Feb. 14, 2017); Martin v. United States, 2017 WL 59070, at \*10 (C.D. Ill. Jan. 5, 2017); Bazzelle v. Compasspointe Healthcare Sys., 2016 WL 6832643, at \*4 (W.D. Ark. Nov. 18, 2016) (citing Eighth Circuit precedent).

In other contexts, the First Circuit has recognized that "[j]udicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." Perry v. Blum, 629 F.3d 1, 11 (1st Cir. 2010) (internal quotation marks omitted). The Supreme Court has cautioned "that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake."[6] New Hampshire v. Maine, 532 U.S. 742, 753 (2001) (internal quotation marks omitted).

It is appropriate in this case to consider whether the plaintiffs' prior position, which accepted HSBC as the holder of a valid mortgage on the property and did not assert a claim to

---

[6] The First Circuit has stated that a party is not automatically excused from the application of judicial estoppel when the earlier inconsistent statement was made in good faith. Guay, 677 F.3d at 16. More recently, however, the First Circuit has stated that judicial estoppel "should be employed when a litigant is playing fast and loose with the courts and when intentional self-contradiction is being used as a means of obtaining an unfair advantage." John Hancock Life Ins. Co. v. Abbott Labs., --- F.3d ---, 2017 WL 2962228, at \*6 (1st Cir. July 12, 2017) (emphasis added).

10

challenge the validity of the mortgage assignment, was based on inadvertence or mistake.[7]  The plaintiffs here represent that they learned facts to support a challenge to the validity of the mortgage assignment only weeks before filing suit to stop the foreclosure.  They also contend that they had no motive to conceal grounds to challenge HSBC's mortgage in the bankruptcy proceedings because if the mortgage had not been properly assigned, they would not have owed payments to HSBC.  In response, the defendants contend that the plaintiffs knew during the bankruptcy proceedings about their theory that they signed a different mortgage, not the mortgage to Option One, and therefore could have challenged the validity of the mortgage

---

[7] The defendants cite In re Knigge, 479 B.R. 500, 507-08 (8th Cir. B.A.P. 2012), as being strikingly similar to this case. There, however, the debtors knew about their challenge to the validity of the security interest but nevertheless obtained a bankruptcy discharge without pursuing the issue or reserving their rights to do so.
  Similarly, in Pelletier v. U.S. Bank Nat'l Ass'n, 2013 WL 6175665, at *1 (D.N.H. Nov. 26, 2013), the debtors challenged the bank's motion to lift the stay on the ground that the bank had not shown that it was the holder of the note and the mortgage.  Then, the debtors entered into a stipulation with the bank in order to avoid lifting the automatic stay in which the debtors acknowledged that the bank was the current holder of their mortgage. Id. at *2.  The debtors later brought an adversary action in which they asserted that the bank did not hold the note and mortgage. Id.  The bankruptcy court applied judicial estoppel based on the stipulation to preclude the debtors' adversary claim, which was affirmed on appeal. Id. at *4-*6.

then.[8]  The defendants also fault the plaintiffs' counsel for failing to find the information they now rely on to challenge the mortgage during the bankruptcy proceedings.

Although the defendants dispute the plaintiffs' representation that they did not know about the assignment issue during the bankruptcy proceedings, that question cannot be resolved based on the record available for purposes of a motion to dismiss.  In addition, the plaintiffs appear to have had no motive during the bankruptcy proceedings to conceal a claim to challenge the assignment of the mortgage purportedly held by HBSC because the plaintiffs remained obligated to pay the mortgage through both bankruptcy proceedings.  Therefore, judicial estoppel cannot be applied here in the context of a motion to dismiss.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 5) is denied.

---

[8] As is noted above, the plaintiffs have withdrawn the allegations that they signed a different mortgage.  In response, the defendants argue at length that the plaintiffs and their counsel are engaging in gamesmanship and that the court should infer that the plaintiffs were aware of problems with the mortgage at the time of the bankruptcy proceedings.  The inferences the defendants suggest do not follow from the circumstances presented.

The plaintiffs' motion for leave to exceed the page limit (document no. 19) is terminated as moot.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

August 3, 2017

cc: James D. Kelly, Esq.
John S. McNicholas, Esq.
Peter N. Tamposi, Esq.