UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Gail Fox and Ralph Wass

     v.                                  Civil No. 17-cv-193-JD
                                         Opinion No. 2019 DNH 075
Ocwen Loan Servicing, LLC
and HSBC Bank USA, N.A., as Trustee
for SG Mortgage Securities Trust 2006-OPT2,
Asset Backed Certificates, Series 2006-OPT2


                              O R D E R

     Gail Fox and Ralph Wass brought suit in state court to

enjoin the foreclosure sale of their home in Goffstown, New

Hampshire.[1]  Ocwen Loan Servicing, LLC and HSBC Bank USA, N.A.,

as trustee, removed the case to this court.  The defendants move

for summary judgment, and Fox and Wass object.


                          Standard of Review

     Summary judgment is appropriate when "there is no genuine

dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also

Thomas v. Harrington, 909 F.3d 483, 490 (1st Cir. 2019).  For

purposes of summary judgment, the court considers the facts in

the light most favorable to the plaintiffs and draws all

---

     [1] The plaintiffs were originally represented by counsel but
are now proceeding pro se.

reasonable inferences in their favor. Roy v. Correct Care Solutions, LLC, 914 F.3d 52, 57 (1st Cir. 2019). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the outcome of the case." Leite v. Gergeron, 911 F.3d 47, 52 (1st Cir. 2018) (internal quotation marks omitted). "A genuine issue of material fact only exists if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Town of Westport v. Monsanto Co., 877 F.3d 58, 64-65 (1st Cir. 2017) (internal quotation marks omitted); Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015).

Background

Gail Fox and Ralph Wass acquired property in Goffstown, New Hampshire, on June 27, 2006. On July 21, 2006, Wass signed a promissory note in the amount of $236,000 to Option One Mortgage Corporation, and Wass and Fox granted a mortgage on the property to Option One Mortgage Corporation to secure the loan.

Option One changed its name to Sand Canyon Corporation on May 28, 2009. Sand Canyon assigned the Fox-Wass mortgage to HSBC as trustee on April 8, 2010. Option One endorsed the Wass note in blank and transferred the note to HSBC Bank, as trustee.

2

The president of Sand Canyon, Dale M. Sugimoto, filed an affidavit in a bankruptcy case in the Eastern District of Louisiana on March 18, 2009. In the affidavit, Sugimoto stated that Option One's mortgage loan servicing business was sold to American Home Mortgage Servicing, Inc., effective as of April 30, 2008, and that as of January 31, 2008, Option One "ceased all loan origination activities." Doc. 43-6, at 3. Sugimoto also stated that Sand Canyon's business then involved "dealing with litigation claims, including title issues or litigation relating to servicing prior to the sale of OOMC's servicing rights to AHMS." Id.

In their complaint, Fox and Wass alleged that the assignment of their mortgage by Sand Canyon to HSBC Bank in April of 2010 was invalid because, based on Sugimoto's affidavit, Sand Canyon did not own the mortgage when it was assigned. They asked for time to examine the mortgage to determine whether the defendants were foreclosing based on the mortgage that they signed. They asked to have HSBC Bank produce the "wet signature" mortgage documents for their inspection.

The defendants previously moved to dismiss the plaintiff's claims on the ground that the plaintiffs were judicially estopped from challenging the validity of the assignment of the mortgage based on their representations in bankruptcy proceedings filed in 2010 and 2013. The motion was denied. The

3

parties participated in mediation in June of 2018, when the plaintiffs had the opportunity to examine the loan documents.

Discussion

The defendants move for summary judgment on all claims on the grounds that the mortgage was validly assigned to HSBC, which also holds the note. The plaintiffs object, asserting that material facts are in dispute that prevent summary judgment. Specifically, the plaintiffs now assert that the defendants have provided different versions of the mortgage note and that a later "confirmatory assignment" of the mortgage shows that the mortgage was not assigned to the defendants. The defendants address those arguments in their reply.

A. Mortgage and Note

The defendants contend that they are entitled to summary judgment on the plaintiffs' claim that they lack authority to foreclose. In support, they assert that HSBC Bank as trustee holds the note, which is endorsed in blank, and that the plaintiffs have admitted that they lack evidence that HSBC does not hold the note. They represent that the plaintiffs examined the original note during their mediation session.

They contend that they hold the mortgage on the property by assignment. They further contend, based on Bergeron v. N.Y.

Comm. Bank, 168 N.H. 63, 64-68 (2015), that as holder of the note, they also have the rights of the mortgagee.

In objecting to summary judgment, the plaintiffs assert that the defendants have not shown they hold the mortgage and note. They argue that the documents filed by the defendants as Exhibits A-2 and B-1 show two different versions of the "mortgage note." They contend, based on the theory that there are two different versions of the "mortgage note," that "the identity of the maker(s) of the underlying mortgage note is in dispute."[2] Doc. 44-1, at 2.

As the defendants explain, Exhibit A-1 is a copy of the mortgage, signed by Fox and Wass on July 21, 2006. Exhibit B-1 is a copy of the "Adjustable Rate Note" signed by Wass on July 21, 2006. Therefore, contrary to the plaintiffs' theory, those documents are two different documents, not different versions of the same document. Wass signed the promissory note, and Wass and Fox signed the mortgage. The plaintiffs have not shown any invalidity of the note or the mortgage or any dispute about the makers of the note and mortgage, based on the copies of the documents filed by the defendants.

---

[2]The plaintiffs refer to both documents as the "mortgage note." At her deposition and in her affidavit, Fox appears confused about the difference between the promissory note, signed by Wass, and the mortgage, signed by Fox and Wass.

5

B.  Confirmatory Assignment of Mortgage

The plaintiffs also argue that a confirmatory assignment of their mortgage raises a factual dispute about the validity of the assignment to HSBC Bank. They contend that because the defendants have identified Sand Canyon as the assignor and the confirmatory assignment shows American Home as the assignor, there is a factual dispute about the defendants' legal standing based on the first assignment.

The confirmatory assignment of mortgage, dated September 7, 2011, states that "American Home Mortgage Servicing, Inc. successor to Option One Mortgage Corporation, holder of a mortgage from Ralph K. Wass and Gail Fox to Option One Mortgage Corporation dated July 21, 2006, recorded . . . assigns said mortgage to HSBC Bank USA . . . ." Doc. 44-3, at 2. Both the confirmatory assignment and the original assignment name HSBC Bank as the assignee of the mortgage. Therefore, without delving into the underlying circumstances, HSBC Bank holds the mortgage by assignment. The plaintiffs have not shown that the different but related assignors in this case make any difference.

In addition, as the defendants point out, a confirmatory assignment does not undermine the validity of the prior assignment it confirms. Instead, while a confirmatory assignment cannot make a prior invalid assignment valid, it may

6

be used to correct a prior valid assignment.  See Tucker v. U.S. Bank, 292 F. Supp. 3d 546, 552 (D. Mass. 2018); Butler v. Deutsche Bank Tr. Co. Americas, 2012 WL 3518560, at *9, n.6 (D. Mass. Aug. 14, 2012).  Because the plaintiffs have not shown that the prior assignment of their mortgage to HSBC was invalid, they have not shown that the confirmatory assignment creates a factual dispute about the validity of the assignment.

C.  Documents Examined at Mediation

The defendants note that Fox states in her affidavit that she does not know whether the copies of the note and mortgage filed with the motion for summary judgment are the documents that she inspected during the mediation.  The defendants challenge that statement based on Fox's deposition testimony.  Because the plaintiffs make no argument in objecting to summary judgment that is based on what document was inspected during the mediation, the court will not address the issue, to the extent an issue exists.

D.  Claims

The plaintiffs have not shown a triable issue as to whether HSBC Bank has the authority to foreclose on their mortgage.  Therefore, the defendants are entitled to summary judgment on the claim to enjoin the foreclosure on the plaintiffs' property.

The second claim depends on the success of the first claim because the plaintiffs seek attorneys' fees and costs under RSA 361-C:2. That remedy is only available to prevailing parties. Frangos v. Bank of Am., N.A., 826 F.3d 594, 598 n.3 (1st Cir. 2016). The third claim raises a right to amend the complaint, which is not a cognizable claim on which relief may be granted.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 43) is granted. Judgment is entered in favor of the defendants on all claims.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 6, 2019

cc: Joseph A. Farside, Jr., Esq.
    Gail Fox, pro se
    James D. Kelly, Esq.
    Krystle G. Tadesse, Esq.
    Peter N. Tamposi, Esq.
    Ralph Wass, pro se